IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN BONDING COMPANY,
INC.,

      Plaintiff,

v.

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

      Defendant.

Case No. 2:10-cv-441

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R ABEL

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss the Complaint by Defendant American Contractors Indemnity Company ("ACIC") (Doc. 6). This motion has been fully briefed and is now ripe for disposition. For the reasons that follow, the motion is denied.

## I. Background

This case originated as an adversary proceeding initiated by Plaintiff, American Bonding Company, Inc. ("American Bonding"), in the United States Bankruptcy Court for the Southern District of Ohio. Upon an unopposed motion by ACIC, this Court withdrew the bankruptcy referral for consideration of American Bonding's claims. American Bonding alleges that ACIC intentionally and willfully converted, embezzled, and/or misappropriated funds due and owing to American Bonding pursuant to a build-up trust fund by conveying such funds to a third party, Roche Surety, Inc. ("Roche"), which is not a party to this action. American Bonding claims that ACIC's conduct gives rise to the following causes of action: Racketeering, pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 and 1964;

Fraud and False Statements, pursuant to 18 U.S.C. § 1033; Breach of Trust, pursuant to Ohio Revised Code § 581001, et seq.; Theft and Fraud, pursuant to Ohio Revised Code § 2913.02; Receiving Stolen Property, pursuant to Ohio Revised Code § 2913.51; Telecommunications Fraud, pursuant to Ohio Revised Code § 2913.05; Civil Action for Damages of Criminal Act, pursuant to Ohio Revised Code § 2307.60; and Engaging in a Pattern of Corrupt Activity, pursuant to Ohio Revised Code § 2923.24.

## II. Facts

American Bonding is a bail bond agency incorporated in the State of West Virginia and licensed to do business in the State of Ohio. Compl. ¶ 15. ACIC is an insurance company, which has its corporate headquarters in the State of California (Compl. ¶ 33) and which is licensed to do business in the State of Ohio (Compl. ¶ 2). According to the complaint, Roche "is an agency... which represents surety bail bond agents who desire to have a surety insurance company through [which the bail bond agents] can write surety bail bonds." Compl. ¶ 24. As compensation for connecting a bail bond agent with a surety insurance company, Roche receives a percentage of the total amount of the bail bonds written. Compl. ¶ 24. In addition, Roche indemnifies the surety insurance company against losses and expenses arising under the written bond liability of the bail bond agent. Compl. ¶ 24. According to American Bonding, the relationships created from these connections are bilateral: the bail bond agent (here, American Bonding) and Roche have a contract, to which the surety insurance company (here, ACIC) is not a party; and Roche and the surety company (here, ACIC) have a separate contract, to which the bail bond agent (here, American Bonding) is not a party. Compl. ¶ 24. No contract exists between the bail bond agent and the surety insurance company. Compl. ¶ 24.

In March 2002, American Bonding entered into a contract ("Agency Agreement") with Roche. Compl. ¶ 27. As part of the agreement, American Bonding alleges that Roche agreed that:

2

> "[T]he agent build-up trust fund which must be created in accordance with § 3905.91 of the Ohio Revised Code would be created under the trust option of 3905.91 of the Ohio Revised Code, which states as follows: "…or in trust for the surety bond agent by the insurer…." [American Bonding] insisted that Roche would not administer the trust or have access to the trust fund monies. In accordance with this concession, Roche's name appears nowhere on the trust account and Roche has no interest in the trust fund monies.

Compl. ¶ 28. Sometime thereafter, Roche "provided" American Bonding with ACIC as its surety insurance company. Compl. ¶ 29. ACIC then established a trust account to hold the build-up funds for the benefit of American Bonding, in accordance with the requirements of Ohio Revised Code 3905.91, as set forth in the agreement between American Bonding and Roche. Compl. ¶¶ 30-34.

American Bonding alleges that ACIC improperly paid monies out of the trust account directly to Roche and that ACIC has failed to pay the monies owed to American Bonding, as the trust's beneficiary, from the trust build-up fund. Compl. ¶ 35-40.

In its motion to dismiss, ACIC argues that Plaintiff's complaint must be dismissed on the following grounds. First, ACIC contends that the Court lacks subject-matter jurisdiction under the rule of jurisdictional priority. Second ACIC argues that the complaint fails to state a claim upon which relief can be granted. Finally, ACIC argues that this action is barred under the doctrine of res judicata.

## II. Discussion

### A. The Rule of Jurisdictional Priority

ACIC seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), which permits a party to move for dismissal of a complaint based upon the court's lack of subject-matter jurisdiction. According to ACIC, this Court lacks jurisdiction to consider the claims asserted in American Bonding's complaint under the "rule of jurisdictional priority."

As a preliminary matter, the Court notes that ACIC has cited no legal authority in its

3

discussion of the rule of jurisdictional priority. The rule of jurisdictional priority, also known as the "first-to-file rule," is, according to the United States Court of Appeals for the Sixth Circuit, "a 'well-established doctrine that encourages comity among federal courts of equal rank.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004)). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Id.* (internal quotations and citations omitted). The first-to-file rule, however, does not, as ACIC contends, divest the court in which the second action is brought of subject-matter jurisdiction. *See id.* (observing that the application of the rule of jurisdictional priority lies within the district court's discretion).

ACIC argues that the same issues being litigated in this action are the subject of a pending lawsuit that Roche filed against American Bonding in the United States District Court for the Middle District of Florida.[1] In the Florida suit, Roche brought a claim for breach of contract against American Bonding for failing to pay amounts owed under the Agency Agreement. American Bonding filed a counterclaim against Roche for breach of contract, tortious interference with a business relationship, and fraud and negligent misrepresentation. ACIC is not a party to the Florida suit, and Roche is not a party to this suit. Invoking the rule of jurisdictional priority, ACIC has simply listed certain issues in dispute in the Florida case and has stated that they are "the same" as the claims in this action:

> [B]oth actions involve the same issues: (1) breach of the Agency Agreement by [American Bonding], which has been finally determined by the Florida District Court; (2) whether ACIC and Roche Surety breached the Agency Agreement and/or any fiduciary duties arising under the Agency Agreement; (3) whether ACIC and/or Roche Surety interfered with Plaintiff's business relationships pursuant to certain asserted fraudulent conduct; and (4) whether

---

[1] *Roche Surety, Inc. v. Richard E. Crain, et al.,* Case No. 8:05-cv-01595-EAK-EAJ. For simplicity, this Opinion and Order shall refer that case variously as "the Florida case" or the "Florida action" or the "Florida litigation."

4

> ACIC and Roche Surety's obtaining funds from the [build-up fund] as permitted by the Agency Agreement, caused [American Bonding] to incur damages.

Mot. to Dismiss (Doc. 6, at 6). ACIC does not explain how the claims in this case overlap with the issues it has identified from the Florida case, nor does it explain how issues litigated as between American Bonding and Roche in the Florida action implicate the legal rights and duties as between American Bonding and ACIC at issue in this action, particularly given that ACIC is not a party to the Florida case, and Roche is not a party to this case. Accordingly, the Court finds no basis for applying the rule of jurisdictional priority.

### B. Failure to State a Claim upon Which Relief Can Be Granted

The second ground upon which ACIC basis its motion to dismiss is failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129

5

S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). When pleading fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Aside from setting forth the standard of review for a Rule 12(b)(6) motion, ACIC offers no legal analysis or other discussion regarding the specific claims asserted in American Bonding's complaint.[2] The sole argument ACIC advances in support of its position that the complaint should be dismissed pursuant to Rule 12(b)(6) is that American Bonding failed to attach as an exhibit to the complaint the Agency Agreement between American Bonding and Roche.[3] This argument lacks merit. It is true that a "written instrument" which is attached to a complaint may be considered part of the complaint "for all purposes." Fed. R. Civ. P. 10(c). A plaintiff is not, however, required to attach exhibits to a complaint under Rule 8 or Rule 9.

## C. Res Judicata

As its final ground for dismissal, ACIC asserts that this action is barred under the doctrine of res judicata. "Pursuant to the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based upon the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The United States Court of Appeals for the Sixth Circuit has identified four elements that must be present for the operation of res judicata to bar an action:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

---

[2] The Court recognizes that American Bonding has asserted claims for relief under a number of federal and state criminal statutes, some of which may not provide for a private right of action. ACIC's motion, however, omits any attempt to demonstrate which, if any, of those claims do not so provide.

[3] ACIC has attached the Agency Agreement to its motion to dismiss. Were the Court to consider that document in determining whether to dismiss this action, Federal Rule of Civil Procedure 12(d) requires that the motion be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d). The Court finds that the parties' respective positions on the various factual and legal issues in this matter are insufficiently developed to treat the motion to dismiss as a one for summary judgment and therefore declines to consider the Agency Agreement in the context of the motion at bar.

6

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

According to ACIC, all four elements are present in this case. The Court disagrees. Indeed, ACIC fails on the first element. ACIC takes the position that a decision by the district court in the Florida case granting partial summary judgment to Roche on its breach of contract claim against American Bonding constitutes a "final decision on the merits." ACIC readily admits, however, that other issues remain pending before that court, and that the Florida action has been stayed and administratively closed pending a determination on Roche's request for relief from the stay imposed by the Bankruptcy Court when this action was initiated. ACIC also admits that the issues pending before the Florida court will be litigated to their conclusion once the stay is lifted. Accordingly, there is no final judgment on the merits in a prior action.

ACIC's motion is devoid of legal authority and analysis regarding the remaining three elements. ACIC asserts that American Bonding's complaint before this Court is "an attempt to further reach Roche Surety on matters that have been finally determined in the Florida District Court and/or matters that will be finally determined." Mot. to Dismiss, Doc. 6 at 9. ACIC also states that the damages American Bonding seeks in this litigation cover the same five-year period within which the events being litigated in the Florida action occurred and that American Bonding would have known of Roche's duty to indemnify and defend certain claims against ACIC. Mot. to Dismiss, Doc. 6 at 9. As noted above, however, ACIC has not provided any explanation of how the breach of contract claim that Roche brought against American Bonding or the counterclaims by American Bonding against Roche in the Florida action meet elements three and four of the res judicata analysis. *See Bittinger*, 123 F.3d at 880. Nor has ACIC explained how its relationship to Roche meets the privity element for purposes of the claims brought in both actions. *See id.* It is not enough merely to make the conclusory statements that the issues in both

7

actions are the same, that the issues were or should have been litigated in the prior action, and that the case at bar involves the same parties or their "privies." Given their "limited and neutral role in the adversarial process," courts should avoid constructing a party's argument or making a party's case for it. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). Accordingly, in light of this Court's determination that there is no final judgment in the Florida case, and in the absence of proper argument by ACIC, discussion of the remaining three elements of the res judicata analysis is unwarranted.

### III. Conclusion

For the reasons discussed above, the Court **DENIES** Defendant's motion to dismiss (Doc. 6).

**IT IS SO ORDERED.**

3-18-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**