IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| American Bonding Company, Inc., | : | |
| Plaintiff | : | Case No. 2:10-cv-00441 |
| v. | : | Judge Sargus |
| American Contractors Indemnity Company, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |
| | : | |

# Order

On March 9, 2012, counsel for the parties participated in a telephone conference with the Magistrate Judge about American Bonding Company's March 5, 2012 motion to com-pel (doc. 96) and its March 9, 2012 motion for the Court to conduct an investigation (doc. 106).

Both of these motions assert that American Contractors Indemnity Company's responses to discovery requests did not comply with the Federal Rules of Civil Procedure. The original deadline for completing all discovery was November 30, 2010 (doc. 17). That deadline was extended three times. The final deadline for completing all discovery was December 16, 2011 (doc. 70). The motion to compel addresses multiple issues, many related to ACIC's August 31, 2011 responses to ABC's written discovery. ABC gives no explanation as to why its motion to compel was not filed until more than 6 months later.

The deadline for filing case-dispositive motions was January 13, 2012. Yet ABC waited until March 9 to file its motion to compel; and it offers no explanation for its delay.

My scheduling orders clearly state that all discovery must be completed by the deadline. ABC did not move to extend the December 16, 2011 discovery deadline, nor did it move to compel discovery before that deadline passed.

If ABC's motions are treated as requests to extend the scheduling deadlines, then they are governed by Rule 16(b)(4) which provides that "[a] schedule may be modified only for good cause and with the judge's consent." In reviewing a district court's denial of additional time for discovery, courts consider five factors: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.* Here none of the factors favors extending the scheduling deadlines.

Accordingly, American Bonding Company's March 5, 2012 motion to compel (doc. 96) and its March 9, 2012 motion for the Court to conduct an investigation (doc. 106) are DENIED.

ACIC requests that the Court strike docs. 96 and 106 from the file because they contain scurrilous statements. Rule 12(f), Fed. R. Civ. P. *Stanfield v. Horn,* 704 F. Supp. 1486, 1487 (M.D. Tenn. 1988). Defendant's counsel will prepare a proposed order striking the documents from the Court's file and provide it to ABC's counsel. If the parties agree to the

order, they will submit it to me. If not, defendant is free to file a motion to strike under Rule 12(f), Fed. R. Civ. P.

                                                <u>s/Mark R. Abel</u>
                                                United States Magistrate Judge