IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| American Bonding Company, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00441 |
| v. | : | Judge Sargus |
| American Contractors Indemnity Company, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Magistrate Judge on Eva C. Gildee's June 5, 2012 notice of substitution of counsel (doc. 117). The notice fails to comply with Rule 83.4(c) of the Southern District of Ohio Civil Rules, which states:

> (c) **Withdrawal or Substitution of Trial Attorney.** A trial attorney may be allowed to withdraw, or a new trial attorney substituted, only by filing either a notice or motion under subsections (c)(1) and (c)(2) of this Rule. The Court may impose terms or conditions upon any withdrawal or substitution. The Court will ordinarily not permit a trial attorney to withdraw from an action within twenty-one (21) days of trial or the date set for a hearing on any motion for judgment or dismissal. The substitution of a trial attorney, even if it is allowed within twenty-one (21) days of a trial or hearing, does not automatically entitle a party to the postponement of the trial or hearing.
> (1) **Substitution of a new trial attorney.** The current trial attorney may withdraw either from the case or from the designation as trial attorney by filing a notice that is signed by (1) the current, withdrawing trial attorney; (2) the client; and (3) a new, substituting trial attorney. If the substituting trial attorney is a member of the same partnership, legal professional association, or governmental attorney group as the trial attorney to be substituted for and the notice affirmatively states that the substitution is made with the client's knowledge and consent, the client's signature is not required. Alternatively, if the withdrawing trial attorney is a governmental attorney who has undergone a change in employment

status which renders him or her ineligible to continue to represent the governmental parties in the case, a new trial attorney may be substituted through the filing of a notice that so states, which is signed by new trial counsel, and which affirmatively indicates that the substitution is made with the client's knowledge and consent.

(2) **Motion for Withdrawal and/or Substitution**. In any case in which the requirements of the preceding subsection cannot be met, the withdrawal of the current trial attorney, either from the case or from the designation as trial attorney, must occur by way of motion and order. Any motion to withdraw from further representation of the client must meet the following requirements: (1) it must be served upon the client and the certificate of service must so state; (2) it must assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal; and (3) it must be accompanied by an affidavit or other evidence supporting the assertion of good cause. If the evidence relied upon in support of the motion would be detrimental to the client's interest if disclosed to the other parties, the withdrawing attorney must move for an order that the evidence be filed *in camera* and under seal. The Court will not ordinarily grant a motion for leave to withdraw until the client has been given an opportunity to respond to the motion unless the motion demonstrates that the client agrees to the withdrawal and/or has terminated the services of the withdrawing attorney. Unless an order to the contrary is issued or the Court grants the motion for leave to withdraw, the attorney seeking leave to withdraw must continue to perform the functions of the trial attorney while the motion is pending. If the current trial attorney wishes to withdraw from that designation but not from the case, and a notice of substitution that complies with the preceding subsection cannot be filed, trial counsel must file a motion showing good cause for the withdrawal. The Court will not ordinarily grant such a motion unless a new trial attorney has been designated.

S.D. Ohio Civ. R. 83.4(c). Counsel is DIRECTED to file a notice or motion that complies with Rule 83.4(c).

s/ Mark R. Abel  
United States Magistrate Judge
