UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN BONDING COMPANY, INC.,

    Plaintiff,

v.

Case No. 2:10-CV-441
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

    Defendant.

## OPINION & ORDER

This matter is before the Court for consideration of four motions: (1) Defendant American Contractors Indemnity Company's ("ACIC") Motion for Summary Judgment on Plaintiff American Bonding Company's ("ABC") Counts One Through Fifteen (Doc. 80); (2) Defendant ACIC's Motion for Summary Judgment on its Single Count for Declaratory Judgment (Doc. 79); (3) Plaintiff ABC's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment (Doc. 125); and (4) Defendant ACIC's Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint *Instanter* (Doc. 127).

For the reasons that follow: (1) Defendant ACIC's Motion for Summary Judgment on Plaintiff ABC's Counts One Through Fifteen (Doc. 80) is **GRANTED**; (2) Defendant ACIC's Motion for Summary Judgment on its Single Count for Declaratory Judgment (Doc. 79) is **DENIED as MOOT**; (3) Plaintiff ABC's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment (Doc. 125) is **DENIED as MOOT**; and (4) Defendant ACIC's Motion for

Leave to File Amended Answer to Plaintiff's Second Amended Complaint *Instanter* (Doc. 127) is **DENIED as MOOT**.

## I. BACKGROUND

This case originated as an adversary proceeding initiated by Plaintiff American Bonding Company, Inc. ("ABC") in the United States Bankruptcy Court for the Southern District of Ohio. Upon an unopposed motion by Defendant American Contractors Indemnity Company ("ACIC"), this Court withdrew the bankruptcy referral for consideration of ABC's claims. ABC alleges that ACIC intentionally and willfully converted, embezzled, and/or misappropriated funds due and owing to ABC pursuant to a build-up trust fund by conveying such funds to a third party, Roche Surety, Inc. ("Roche"), which is not a party to this action.

Plaintiff ABC is a bail bond agency incorporated in the state of West Virginia and licensed to do business in the state of Ohio. (Am. Compl. ¶ 12.) Defendant ACIC is an insurance company headquartered in the state of California and which is licensed to do business in the state of Ohio. (*Id.* ¶ 30.) According to the Amended Complaint,[1] Roche "is an agency . . . which represents surety bail bond agents who desire to have a surety insurance company through [which the bail bond agents] can write surety bail bonds." (*Id.* ¶ 21.) As compensation for connecting a bail bond agent with a surety insurance company, Roche receives a percentage of the total amount of the bail bonds written. (*Id.*) In addition, Roche indemnifies the surety insurance company against losses and expenses arising under the written bond liability of the bail bond agent. (*Id.*) According to ABC, the relationships created from these connections are bilateral: the bail bond agent (here, ABC) and Roche have a contract, to which the surety

---

[1] While the pleading (Doc. 71) is entitled "Second Amended Complaint," it appears to be only the first amendment to the original complaint, and thus should have been entitled "First Amended Complaint." For consistency purposes, it shall be referred throughout this Opinion & Order as the "Amended Complaint."

2

company (here, ACIC) is not a party; and Roche and the surety company (here, ACIC), have a separate contract, to which the bail bond agent (here, ABC) is not a party. (*Id.*) No contract exists between the bail bond agent (ABC) and the surety insurance company (ACIC). (*Id.*)

In March 2002, ABC entered into a contract ("Agency Agreement") with Roche. (*Id.* ¶¶ 24–25.) As part of the agreement, ABC alleges that Roche agreed that:

> [T]he agent build-up trust fund which must be created in accordance with § 3905.91 of the Ohio Revised Code would be created under the trust option of § 3905.91 of the Ohio Revised Code, which states as follows: ". . . or in the trust for the surety bail bond agent by the insurer . . . ." ABC insisted that Roche would not administer the trust or have access to the trust fund monies. In accordance with this concession, Roche's name appears nowhere on the trust account and Roche has no interest in the trust fund monies.

(*Id.* ¶ 25.) Sometime thereafter, Roche "provided" ABC with ACIC as its surety insurance company. (*Id.* ¶ 26.) ACIC then established a trust account to hold the build-up funds for the benefit of ABC, in accordance with the requirements of Ohio Revised Code § 3905.91, as set forth in the agreement between ABC and Roche. (*Id.* ¶¶ 27–30.)

Following execution of the Agency Agreement, the parties' relationship lasted approximately three years. Eventually, however, Roche terminated the Agency Agreement on July 19, 2005, alleging that ABC had breached the Agency Agreement by failing to remit to Roche all premium amounts owed for bail bonds written, transfer bond payments, bond forfeitures, and for missing or unreported bonds. (Answer and Counterclaim, Doc. 76, ¶ 22.) In August 2005, Roche filed suit against ABC and its principals in Florida state court for breach of the Agency Agreement. (*Id.* ¶¶ 23–24.) The case was removed to the United States District Court for the Middle District of Florida, Tampa Division on the basis of diversity jurisdiction,

3

and was captioned *Roche Surety, Inc. v. Crain, et al.,* Case No. 8:05-cv-01595 ("Florida action"). (*Id.*)

In the Florida action, ABC alleged four counterclaims against Roche: (1) breach of contract; (2) interference with an advantageous business relationship; (3) fraud; and (4) negligent misrepresentation. (Doc. 80-6.) On March 2, 2009, Roche obtained a judgment in the Florida action against ABC for liability on its claim for breach of contract, but damages were undetermined. (Doc. 80-4.) Summary judgment was entered in favor of Roche concerning ABC's fraud and negligent misrepresentation counterclaims. (*Id.*)

After ABC filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio, Roche and ABC entered into an Agreed Order to resolve the Florida action, which granted Roche judgment in the amount of $350,000 on its breach of contract claim. (Doc. 33-2.) ABC agreed to withdraw its remaining counterclaims for breach of contract and interference with an advantageous business relationship, which was reflected in the Agreed Order. (Doc. 33-2, ¶ 5 "Defendants hereby withdraw their Counterclaims with the approval and agreement of Plaintiff, and such Counterclaims are hereby DISMISSED in their entirety with prejudice.") On December 10, 2010, final judgment was entered in the Florida action. (Doc. 80-7.)

In this action against ACIC, ABC alleges that ACIC improperly paid monies out of the trust account directly to Roche and that ACIC has failed to pay the monies owed to ABC, as the trust's beneficiary, from the trust build-up fund ("BUF account"). From ACIC's accounting records, ABC points to a specific debit of $160,000 from the BUF account on November 25, 2005, which was used to pay the Cuyahoga Clerk of Court for outstanding bond forfeitures. (Doc. 33-6; Affidavit of Richard Crain ("Crain Aff."), Doc. 134, ¶ 21; Doc. 134-2.) The

4

transmittal letter to the Cuyahoga Clerk of Court requested that any remission checks be sent to Scott Anschultz, Vice President of ACIC. (Crain Aff. ¶ 22; Doc. 134-3.) Relying on certified Cuyahoga County Clerk of Court records, ABC claims that $98,990 of the bond forfeiture payment was wrongfully returned by the Cuyahoga County Clerk to ACIC. (*See* Docs. 69-1 to 69-13.) ABC contends, however, that "these funds were paid out of the BUF account and should have been returned to the BUF account." (Doc. 135, at 10.) ACIC maintains that pursuant to the Agency Agreement, Roche and ACIC were entitled to debit the BUF account in the event ABC defaulted on any of its liabilities in order to protect either party against any loss or expense. (Agency Agreement, Doc. 80-3, § 20(d).)

ABC's Amended Complaint originally asserted fifteen claims against ACIC. (Doc. 71.) ACIC filed an Answer and Counterclaim seeking a declaratory judgment that the Florida action constituted a final judgment and, as such, ABC's claims in this case are barred by the doctrine of *res judicata*. (Doc. 76.)

On January 13, 2012, ACIC moved for summary judgment on ABC's Counts One Through Fifteen (Doc. 80) and on its single counterclaim for declaratory judgment (Doc. 79). On July 16, 2012, ABC filed a motion to dismiss ACIC's counterclaim for declaratory judgment and a motion to stay the proceedings pending the filing of a responsive answer to the Amended Complaint. (Doc. 125.) The Court denied ABC's motion to stay. On July 26, 2012, ACIC filed a motion for leave to file an amended answer to ABC's Amended Complaint. (Doc. 127.)

On July 30, 2012, the parties stipulated to the dismissal with prejudice of all of ABC's claims, except Counts One, Two, Five, Fourteen, and Fifteen. Thus, the motions before the Court for disposition are: (1) ACIC's Motion for Summary Judgment on ABC's Counts One, Two, Five, Fourteen, and Fifteen (Doc. 80); (2) ACIC's Motion for Summary Judgment on its

5

Single Count for Declaratory Judgment (Doc. 79); (3) ABC's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment (Doc. 125); and (4) ACIC's Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint *Instanter* (Doc. 127).

## II. DISCUSSION

### A. ACIC's Motion for Summary Judgment on ABC's Counts One, Two, Five, Fourteen, and Fifteen

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing ACIC's motion for summary judgment, this Court must "view all facts and any inferences in the light most favorable" to ABC, the nonmoving party. *Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 390 (6th Cir. 2009); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A motion for summary judgment should be denied if "there is a genuine need for trial," which turns on "whether the evidence is such that a reasonable jury could return a verdict for the plaintiff." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375 (6th Cir. 2002).

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x. 482, 485 (6th Cir. 2010). Instead, the party opposing summary judgment "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine need for trial." *Id.*

ACIC moves for summary judgment on all of ABC's remaining claims: (1) Count One: "Jurisdiction and Venue"; (2) Count Two: "General Allegation—History of the Parties"; (3) Count Five: "Breach of Trust"; (4) Count Fourteen: "Punitive or Exemplary Damages"; (5)

Count Fifteen: "Refusal to Pay Trust Moneys to Beneficiary and Protection of Trust Fund Monies."[2] The Court will address each argument in turn.

### 1. Count One: "Jurisdiction and Venue"

ACIC first contends that it is entitled to summary judgment on Count One of ABC's Amended Complaint because it presents no basis for relief under Rule 8(a). Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Count One, which is titled "Jurisdiction and Venue," presents no recognizable cause of action. ABC maintains that Count One asserts a common law claim for breach of fiduciary duty because it states "[t]he trust held by American Contractors Indemnity Company, on behalf of the Beneficiary, American Bonding Company, Inc., was created under and by virtue of § 3905.91 of the Ohio Revised Code," (Am. Compl. ¶ 3.). However, the language ABC points to in paragraph three of the Amended Complaint does not state a claim for relief; it merely states that a trust was created by ACIC for ABC under Ohio Revised Code § 3905.91. Moreover, ABC alleges a breach of fiduciary duty in its breach of trust claim in Count Five. Because no language in Count One can be construed as "a short and plain statement of the claim showing that [ABC] is entitled to relief" as required under Rule 8(a)(2), ACIC is entitled to summary judgment on Count One.

---

[2] As an initial matter, ACIC contends that ABC's claims should have been brought under Florida law because the Agency Agreement executed between ABC and Roche included a Florida choice-of-law provision. ACIC, however, is not a party to the Agency Agreement between ABC and Roche. Thus, the Florida choice-of-law provision does not apply.

7

### 2. Count Two: "General Allegation—History of the Parties"

Similar to its argument regarding Count One, ACIC contends that it is entitled to summary judgment on Count Two of ABC's Amended Complaint, which is titled "General Allegation—History of the Parties," because it presents no basis for relief under Rule 8(a).

ABC maintains that Count Two asserts a common law claim for conversion because it states that "ACIC has unlawfully taken and converted over Two Hundred Thousand Dollars ($200,000.00) and diverted the trust funds to a third party, ROCHE." (Am. Compl. ¶ 59; Doc. 132, at 16.) However, ABC alleges conversion as part of its breach of trust claim in Count Five, which states "Defendant ACIC breached ABC's build-up trust fund and intentionally and willfully failed to perform its fiduciary and trustee duties by unlawfully converting, embezzling and or misappropriating trust fund moneys in an approximate value of Two Hundred Thousand Dollars ($200,000.00) and conveying the funds to a third party, ROCHE." (Am. Compl. ¶ 79.) Count Two also includes language that could be construed as claims for breach of fiduciary duty, breach of trust, and failure to return build-up funds in violation of Ohio Revised Code § 3905.91(C). All of these causes of action comprise ABC's breach of trust claim alleged in Count Five. Therefore, because the same causes of action are averred in Count Five and are thus duplicative, ACIC is entitled to summary judgment on Count Two.

### 3. Count Five: "Breach of Trust"

ACIC next contends that it is entitled to summary judgment on Count Five of ABC's Amended Complaint, which alleges a claim for breach of trust. Based on what the Court can infer from the Amended Complaint and ABC's briefing, ABC alleges that ACIC breached its duties as trustee of the BUF account by unlawfully debiting and retaining BUF account funds that should have been returned to the BUF account. ABC further alleges that ACIC breached its

8

fiduciary duty by failing to watch over the BUF account and allowing such funds to be unlawfully debited and retained. ABC appears to assert its breach of trust claim under a number of provisions in the Ohio Revised Code, namely §§ 3905, 5808, and 5810.

As an initial matter, the Court notes that Ohio Revised Code § 5808 *et seq.* outlines the duties and powers of a trustee, while Ohio Revised Code § 5810 *et seq.* outlines the remedies available if a trustee breaches any of the duties outlined in Ohio Revised Code § 5808. As to any potential claim under Ohio Revised Code § 3905, no private cause of action exists. *See* Ohio Rev. Code § 3905.14(J) ("Nothing in this section shall be construed to create or imply a private cause of action against an agent or insurer."); *Strack v. Westfield Cos.*, 515 N.E.2d 1005, 1007 (Ohio Ct. App. 1986).

ABC alleges several violations of ACIC's duties as trustee over the BUF account under Ohio Revised Code § 5808, including failure to administer the trust in good faith, failing to administer the trust solely in the interests of the beneficiary, failure to exercise reasonable care, skill, and caution, failure to use its special skills or expertise, failure to take reasonable steps to take control of and protect the trust property, and failure to use its specific powers to resolve disputes concerning the interpretation of the trust or its administration and prosecuting or defending an action, claim, or judicial proceeding to protect trust property. *See* Ohio Rev. Code §§ 5808.01, 5808.02, 5808.04, 5808.06, 5808.09, 5808.16. ABC also alleges that ACIC violated Ohio Revised Code § 3905.91(C) by failing to return build-up funds after termination of the Agency Agreement between ABC and Roche, thereby constituting a breach of trust under Ohio Revised Code § 5810. All of these alleged violations are based on ABC's contention that ACIC breached its duties as trustee of the BUF account by unlawfully debiting and retaining BUF account funds.

ACIC maintains that no breach of trust occurred because ABC consented to the conduct at issue when it executed the Agency Agreement with Roche, pursuant to Ohio Revised Code § 5810.09. Ohio Revised Code § 5810.09 provides:

> A trustee is not liable to a beneficiary for breach of trust if the beneficiary or the beneficiary's representative . . . consented to the conduct constituting the breach, released the trustee from liability for the breach, or ratified the transaction constituting the breach . . . . This section applies regardless of whether the conduct being consented to, released, or ratified constitutes one or more breaches of fiduciary duty, violates one or more provisions of the Revised Code, or is taken without required court approval.

Ohio Revised Code § 5810.09, therefore, operates as a complete bar to a breach of trust claim where a beneficiary consents to the conduct allegedly constituting the breach. Thus, the issue before the Court is whether ABC consented to the conduct allegedly constituting the breach of trust.

To establish consent on the part of ABC, ACIC points to language in the Agency Agreement executed between ABC and Roche, which generally provides that the BUF account was established and maintained with ABC's funds "[i]n order to further protect and insure COMPANY [Roche] and SURETY [ACIC] against any loss or expenses as defined herein." (Agency Agreement, Doc. 80-3, § 20.) With respect to any withdrawal of BUF account funds, the Agency Agreement provides that the "BUF [account] shall be immediately drawable by any applicable surety insurer [ACIC] at the time and in the amount of any losses as defined herein, but SURETY INSURER [ACIC] shall have no duty to make immediate withdrawal." (Agency Agreement, Doc. 80-3, § 20(d).) ACIC maintains that under this provision, ACIC and Roche were entitled to debit the BUF account in the event ABC defaulted on any of its liabilities in order to protect either party against any loss or expense. As such, ACIC asserts, ABC consented

10

to the conduct allegedly constituting the breach when it executed the Agency Agreement with Roche, and accordingly, its breach of trust claim is barred.

ABC concedes that Ohio Revised Code § 5810.09 would apply to bar its breach of trust claim if consent was established, but maintains that no such consent was given. ABC contends that paragraph 20(d) of the Agency Agreement only provides that ACIC and Roche were entitled to debit the BUF account "at the time and in the amount of *any losses as defined herein.*" (*Id.* (emphasis added).) ABC insists that such language does not allow ACIC or Roche to debit the BUF account in the event ABC defaulted on any of its liabilities.

The terms "loss" and "losses" are defined under paragraph 18 of the Agency Agreement:

> [T]he terms "loss" and "losses" as to [Roche] and any surety insurer [ACIC] shall include potential losses, and shall instantly be created and exist at the time when any person who is at liberty under a bail bond written by, through, or with [ABC] shall fail to appear as scheduled or announced, ordered, or recorded, and regardless of whether any judgment thereupon is rendered. [ABC] shall use his best effort to avoid any and all estreatures or forfeitures and shall in all instances pay from his own resources the penal sum of bail bonds issued and estreated in accordance with Ohio Statutes so that no judgment is entered against ABC or any applicable surety insurer [ACIC].

(Agency Agreement, Doc. 80-3, § 18.)

ABC contends that the terms "loss" or "losses" are defined therein to include only losses experienced as a result of bond forfeitures, and thus do not allow ACIC or Roche to debit the BUF account in the event ABC were to default on its liabilities. (*Id.* "[T]he terms 'loss' and 'losses' . . . shall instantly be created and exist at the time when any person who is at liberty under a bail bond written by, through, or with [ABC] shall fail to appear as scheduled or announced,"—i.e., bond forfeitures.)

11

ABC's argument, however, ignores the first part of the clause, which explicitly states that the terms "loss" and "losses" "as to [Roche] and any surety insurer [ACIC] *shall include potential losses*." (*Id.* (emphasis added).) ACIC has presented unrebutted evidence that the reason it withdrew funds from the BUF account was because of such "potential losses." The record reflects that Roche terminated the Agency Agreement in July 2005 because ABC had failed to remit to Roche all premium amounts owed for bail bonds written, transfer bond payments, bond forfeitures, and for missing or unreported bonds, or in other words, "losses" or "potential losses."[3] (Answer and Counterclaim, Doc. 76, ¶ 22.) The failure of ABC to pay all amounts owed under the Agency Agreement led Roche to file the Florida action against ABC and its principals for breach of contract. (*Id.* ¶¶ 23–24; *see generally* Doc. 80-4.) Roche had "made repeated demands to [ABC and its principals] to remit to [Roche] all premium amounts owed for bail bonds written, transfer bond payments, [and] amounts owed for missing or unreported powers (bonds)." (Doc. 80-4, at 5.) Roche alleged that at the time of breach, ABC owed Roche approximately $130,000. (*Id.*) The court in the Florida action granted summary judgment in favor of Roche on its breach of contract claim due to ABC's failure to pay all amounts owed under the Agency Agreement, highlighting that ABC had admitted that it had not paid all amounts owed under the Agency Agreement—i.e., "losses." (Doc. 80-4, at 20.)

The parties do not dispute that once a bond was written and issued by ABC, Roche would owe the premium to ACIC, regardless of whether it received the amount from ABC. Roche paid to ACIC all amounts for bonds written by ABC and for bonds lost by ABC, although ABC did not pay Roche. The premiums taken by Roche were trust funds belonging to ACIC, not Roche and not ABC. (*See* Doc. 80-4, at 17.)

---

[3] The Court declines to address ABC's argument as to the admissibility of the affidavit of Frank M. Lanak, Senior Vice President of Claims for ACIC, (*see* Lanak Aff., Doc. 80-1), because it has no bearing upon the Court's analysis or its ultimate decision in this case. The Court does not rely on the affidavit in any way.

12

In light of the discussion above, the Court finds that ABC, as beneficiary of the BUF account, consented to the conduct allegedly constituting its breach of trust claim when it executed the Agency Agreement with Roche. The basic facts and contract provisions indicate that: (1) the BUF account was established and maintained with ABC's funds to protect and insure Roche and ACIC against any losses or expenses defined under the Agency Agreement; (2) under the Agency Agreement, ACIC was entitled to withdraw BUF account funds at the time and in the amount of any potential losses; and (3) there were losses resulting in breach of the Agency Agreement, as evidenced by the judgment for Roche on its breach of contract claim in the Florida action.[4]

As ABC has already conceded that Ohio Revised Code § 5810.09 would bar its breach of trust claim if it consented to the conduct, the Court finds that ACIC is entitled to summary judgment on Count Five.

### 4. Count Fourteen: "Punitive or Exemplary Damages"

ACIC next contends that it is entitled to summary judgment on Count Fourteen of ABC's Amended Complaint, which seeks punitive and exemplary damages under Ohio Revised Code § 2315.21(C)(1). ABC alleges that punitive and exemplary damages are recoverable from ACIC because "ACIC's actions in the numerous intentional and willful acts of embezzlement and or misappropriation of Plaintiff ABC's trust fund moneys demonstrate malice, aggravated fraud, and egregious fraud." (Am. Compl. ¶ 120.)

---

[4] The Court notes that the discussion of the claims between ABC and ACIC necessarily implicates discussion of the claims in the Florida action between Roche and ABC. The Court is aware of the parties' positions regarding ACIC's counterclaim for a declaratory judgment that the Florida action bars ABC's claims in this case under the doctrine of *res judicata*. The Court notes, however, that the conduct and relationships created from the connections between ABC, Roche, and ACIC are trilateral: (1) ABC and Roche have a contract, to which ACIC is not a party; (2) Roche and ACIC have a separate contract, to which ACIC is not a party; and (3) ACIC is the trustee of the BUF account set up for the benefit of ABC, in accordance with the contract between ABC and Roche. Inherent in the discussion of the claims between ABC and ACIC, therefore, is discussion of the relationship and conduct between Roche and ABC.

Ohio, however, does not recognize a separate cause of action for punitive damages. Punitive damages are "a mere incident of the cause of action, rather than . . . a cause of action in and of itself.'" *Horner v. Toledo Hosp.*, 640 N.E.2d 857, 861–62 n.3 (Ohio Ct. App. 1993). Ohio Revised Code § 2315.21(C)(1) permits a plaintiff to "obtain punitive damages only when they have suffered actual harm and actual damages" and "the acts or omissions of the defendant demonstrate malice or aggravated or egregious fraud." *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010).

Here, the Court has not determined that ABC has suffered actual harm or is entitled to recover actual damages from ACIC. Moreover, ABC has presented no evidence that ACIC's acts demonstrate malice or aggravated or egregious fraud, other than mere allegations in ABC's Amended Complaint. As this is a motion for summary judgment, ABC "may not rely merely on allegations or denials in its own pleading." *Viergutz*, 375 F. App'x at 485. ABC has not, as required, set out specific facts showing a genuine need for trial. Accordingly, ACIC is entitled to summary judgment on Count Fourteen.

### 5. Count Fifteen: "Refusal to Pay Trust Moneys to Beneficiary and Protection of Trust Fund Monies"

Lastly, ACIC contends that it is entitled to summary judgment on Count Fifteen of ABC's Amended Complaint, which is titled "Refusal to Pay Moneys to Beneficiary and Protection of Trust Fund Monies," on the basis that it is duplicative of Count Five. Count Fifteen appears to assert a claim under Ohio Revised Code § 5810:

> WHEREFORE, Plaintiff ABC respectfully requests this Honorable Court to act pursuant to §5810.01(B)(5) of the Ohio Revised Code and appoint the Clerk of this Court as a special fiduciary and to ORDER Defendant ACIC to immediately deliver the balance of trust fund account to the Clerk of this Court in order that the Clerk take-possession [sic] of the trust fund moneys, administer the

14

> estate, and keep the remainder of the trust fund safe and secure pending the disposition of the case at bar.

(Am. Compl. ¶ 137.) The Court, however, has already granted summary judgment in favor of ACIC on ABC's breach of trust claim under Ohio Revised Code § 5810, as alleged in Count Five. Thus, the relief sought by ABC under Ohio Revised Code § 5810 has already been denied by the Court.

Alternatively, ABC asserts that Claim Fifteen does not reiterate Count Five, but rather, addresses ACIC's refusal to return the balance in the BUF account in violation of Ohio Revised Code § 3905.91(C). Ohio Revised Code § 3905.91(C) provides:

> Build-up funds are due upon termination of the surety bail bond agent's contract and discharge of liabilities on the bonds for which the build-up bonds were posted. The insurer or managing general agent shall pay the funds to the surety bail bond agent not later than six months after the funds are due.

The Court first notes that only under a very liberal reading could Count Fifteen possibly be interpreted as asserting a claim under Ohio Revised Code § 3905.91(C). The only language in Count Fifteen that refers to Ohio Revised Code § 3905 states, "[t]he ABC build-up trust fund was terminated pursuant to § 3905.91 of the Ohio Revised Code." (Am. Compl. ¶ 134.)

More importantly, however, no private cause of action exists as to any potential claim under Ohio Revised Code § 3905. *See* Ohio Rev. Code § 3905.14(J) ("Nothing in this section shall be construed to create or imply a private cause of action against an agent or insurer."). Accordingly, ACIC is entitled to summary judgment on Count Fifteen. *Strack*, 515 N.E.2d at 1007.

Based on the foregoing, Defendant ACIC's Motion for Summary Judgment on Plaintiff ABC's Counts One Through Fifteen (Doc. 80) is **GRANTED**.

15

### B. ACIC's Motion for Summary Judgment on its Single Count for Declaratory Judgment

ACIC also moves for summary judgment on its counterclaim, which seeks a declaratory judgment that the Florida action constituted a final judgment and as such, ABC's claims in this case are barred by the doctrine of *res judicata*. Because the relief that ACIC seeks is no longer available, ACIC's Motion for Summary Judgment on its Single Count for Declaratory Judgment (Doc. 79) is **DENIED as MOOT**.

### C. ABC's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment

ABC seeks dismissal of ACIC's counterclaim for a declaratory judgment that ABC's claims are barred by the doctrine of *res judicata*. However, the relief that ACIC seeks under its counterclaim is no longer available, due to the Court's ruling on its motion for summary judgment on all of ABC's claims. Accordingly, ABC's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment (Doc. 125) is **DENIED as MOOT**.

### D. ACIC's Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint *Instanter*

ACIC has also filed a motion for leave to file an amended answer to ABC's Second Amended Complaint. Although ACIC has not yet filed a reply to ABC's Memorandum in Opposition to ACIC's Motion for Leave to File an Amended Answer, the Court finds that ACIC suffers no prejudice from the Court's disposition of its motion. Accordingly, ACIC's Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint *Instanter* (Doc. 125) is **DENIED as MOOT**.

16

## III. CONCLUSION

For the foregoing reasons, Defendant ACIC's Motion for Summary Judgment on Plaintiff ABC's Counts One Through Fifteen (Doc. 80) is **GRANTED**, Defendant ACIC's Motion for Summary Judgment on its Single Count for Declaratory Judgment (Doc. 79) is **DENIED as MOOT**, Plaintiff ABC's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment (Doc. 125) is **DENIED as MOOT**, and Defendant ACIC's Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint *Instanter* (Doc. 127) is **DENIED as MOOT**. The Clerk is directed to **CLOSE** this matter and **ENTER JUDGMENT in favor of the DEFENDANT**.

**IT IS SO ORDERED.**

 8-23-2012
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**