UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN BONDING
COMPANY, INC.,

    Plaintiff,

v.

    Case No. 2:10-cv-441
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Terence P. Kemp

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

    Defendant.

## OPINION & ORDER

This case is before the Court on Defendant American Contractors Indemnity Company's ("ACIC") Motion for Summary Judgment (ECF No. 165.) ACIC also renews two arguments from its previously filed summary judgment motions. (ECF Nos. 79 & 80.) For the reasons that follow, the Court **DENIES** ACIC's motion for summary judgment (ECF No. 165) and its renewed arguments from its prior summary judgment motions (ECF Nos. 79 & 80).

### I. BACKGROUND

This bail-bond dispute involves three different actors, two of which are parties here. Plaintiff American Bonding Company ("ABC") is a bail bond agency and defendant ACIC is an insurance company. (Am. Compl. ¶¶ 12, 30; ECF No. 71.) Roche Surety Inc. ("Roche")—the non-party in this lawsuit—connects bail bond agents with insurance companies. (Id. ¶ 21.) This connection is necessary for non-insurance bail bond companies like ABC because Ohio requires a bondsman to be a licensed Ohio insurance company and obtain a "surety bail bond license."

1

(Opn. & Order at 1; ECF No. 144.) ABC entered into an Agency Agreement with Roche. (*Id.* ¶¶ 24-25.) Roche, in turn, connected ABC with ACIC, the surety insurance company.

To protect from losses caused by forfeitures of bail bonds, sureties establish trust accounts that contain "build-up funds" to pay off forfeiture judgments. (Opn. & Order at 2; ECF No. 144.) According to ABC, the Agency Agreement provided for such an account:

> [T]he agent build-up trust fund which must be created in accordance with § 3905.91 of the Ohio Revised Code, would be created under the trust option of § 3905.91 of the Ohio Revised Code . . . ABC insisted that Roche would not administer the trust or have access to the trust fund monies. In accordance with this concession, Roche's name appears nowhere on the trust account and Roche has no interest in the trust fund monies.

(Am. Compl. ¶ 25.) The parties refer to this as the "BUF account." The account was held in trust by ACIC for ABC as the beneficiary. (Opn. & Order at 2; ECF No. 144.) The Agency Agreement required ABC to deposit a percentage of the face value of each bond it wrote in the BUF account. (Opn. & Order at 2; ECF No. 144.) According to that agreement, ACIC could draw funds from that account "at the time and in the amount of any losses as defined herein." (Agency Agreement ¶ 20(d); ECF No. 172-2.)

In July 2005, Roche terminated the Agency Agreement and sued ABC in Florida state court, alleging that ABC breached the agreement by failing to remit all premium amounts owed. ABC removed the case to the U.S. District Court for the Middle District of Florida and asserted several counterclaims, including an alleged breach of the Agency Agreement by "fail[ing] to return [ABC's] funds held by [Roche] in build up fund deposits." (Counterclaim ¶ 37; ECF No. 79-5.) After summary judgment whittled away some of ABC's counterclaims, the parties settled ABC's remaining allegations, including the breach of contract issue and the Florida District Court dismissed the case with prejudice. (ECF Nos. 79-4 & 79-7.)

Separately, ABC sued ACIC for breach of trust under Ohio Rev. Code subchapter 5810, alleging that ACIC failed to perform its fiduciary duties as trustee by "unlawfully converting, embezzling and or misappropriating trust fund moneys" and that it improperly paid BUF account funds to Roche. (*See* Am. Compl. at 19 & 33; ECF No. 71.) According to ABC, ACIC used BUF account funds to make bond forfeiture payments. Then, the Cuyahoga Common Pleas Court wrongly forwarded approximately $100,000 in remission payments to ACIC pursuant to ACIC's instructions when that money should have gone back into the BUF account. (Crain Aff. ¶¶ 21-22; ECF No. 135-1; Request; ECF No. 135-3; Ltr.; ECF No. 135-4.) Similarly, ABC asserts that other bond payments were made from its BUF account but it cannot determine if any remissions from these payments were properly paid back because ACIC did not provide a proper accounting of this money. (Resp. at 10; ECF No. 135.) Last, ABC presses that ACIC failed to return the balance of the BUF account funds within six months of termination of the Agency Agreement as required by Ohio Rev. Code § 3905.91. (*See* Am. Compl. ¶¶ 94, 134-135.)

ACIC moved for summary judgment, arguing that ABC consented to ACIC's debiting of the BUF account to cover its losses incurred from ABC's breach of contract that was litigated in Florida. Also, ACIC pressed that the Florida action barred the claims here under the doctrine of res judicata and that it reasonably relied on the terms of the trust. This Court granted ACIC's motion, holding that ABC consented to ACIC's debiting of the BUF account to cover its losses from ABC's breach of contract with Roche. (*See generally* Opn. & Order; ECF No. 140.) ABC appealed, and the U.S. Court of Appeals for the Sixth Circuit reversed this Court's decision, finding that "there remains a genuine issue of material fact as to whether ACIC in fact used the funds in the build-up account for the purpose permitted by the Agreement—offsetting losses stemming from forfeitures." (*See* Opn. & Order at 8; ECF No. 144.) That Court left "to the

3

district court to resolve in the first instance whether claim preclusion bars ABC's claim" and whether ACIC acted "in reasonable reliance on the terms of the trust," thus shielding it from liability under Ohio Rev. Code § 5810.06. Now on remand, ACIC renews its motion for summary judgment on these issues. It also raises a new argument that ABC's claims are barred by Ohio's statute of limitations. (*See* Mot. Summ. J. at 2; ECF No. 165.)

## II. STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing ACIC's motion for summary judgment, this Court must "view all facts and any inferences in the light most favorable" to ABC, the nonmoving party. *See Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 390 (6th Cir. 2009); *see also Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A motion for summary judgment should be denied if "there is a genuine need for trial," which turns on "whether the evidence is such that a reasonable jury could return a verdict for the plaintiff." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375 (6th Cir. 2002).

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x. 482, 485 (6th Cir. 2010). Instead, the party opposing summary judgment "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine need for trial." *Id.*

## III. DISCUSSION

### A. Statute of Limitations

ACIC asserts that Ohio Rev. Code § 5810.05(c)'s four-year statute of limitations bars ABC's breach of trust claims. That statute provides that "a judicial proceeding by a beneficiary

4

against a trustee for a breach of trust must be commenced within four years after . . . [t]he termination of the trust." Ohio Rev. Code § 5810.05(c)(3). According to ACIC, the trust was terminated on July 19, 2005—when Roche wrote to ABC terminating the Agency Agreement— and thus ABC's May 2010 complaint was untimely. (*See* Ltr.; ECF No. 172-1.)

But the July 19, 2005 letter appears to terminate only the relationship between ABC and Roche. Specifically, it states that Roche "is terminating your appointment at this time. . . . Your appointments will be terminated *which means that* effective immediately you or your sub agents no longer have the authority to post bonds or request any transfer bonds." (Ltr; ECF No. 172-1 (emphasis added).) The letter nowhere mentions terminating the trust. And, ABC argues that ACIC—not Roche—established and administrated the trust, pointing to an email from ACIC to U.S. Bank explaining that "[t]he [BUF] account should read American Contractors Indemnity [C]ompany in trust for . . ." (Email; ECF No. 167-1.) Similarly, bank statements reflect that ACIC held the BUF account in trust for ABC. (Crain Aff. ¶¶ 13-14; ECF No. 135-1; Statements; ECF No. 11-2.)

Attempting to link the Agency Agreement to the trust, ACIC asserts that a claim under Ohio Rev. Code § 5810.10(C) "is a breach of trust claim rooted and based in 'contract'" and that "the Agency Agreement . . . between Roche and American Bonding is the trust document for which American Bonding is suing under R.C. 5810." (Reply at 7; ECF No. 172.) But ABC appears to bring its claims under the remaining provisions of that statute that provide for claims based "on an obligation arising from ownership or control of trust property, *or* on a tort committed in the course of administering a trust." *Id.* (emphasis added). (*See* Am. Compl. ¶ 79; ECF No. 71 ("Defendant ACIC breached ABC's build-up trust fund and intentionally and willfully *failed to perform its fiduciary and trustee duties* by unlawfully converting, embezzling

5

and or misappropriating trust fund moneys.") (emphasis added)); *see also* Resp. at 16; ECF No. 132; Reply at 8; ECF No. 135.)[1]

Nevertheless, ACIC asserts that ABC admitted that the trust terminated with the Agency Agreement, pointing to statements in ABC's summary judgment briefing—made before the Sixth Circuit's remand and ACIC's raising of the statute of limitations issue—that "[w]hen the trust ended with termination of the Agency Agreement on July 19, 2005, ACIC was required to return the BUF account funds within 180 days. R.C. 3905.91(C)." (Resp. at 8; ECF No. 132.) The Court has discretion to consider a statement made in a brief to be a judicial admission. *See United States v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004). "In this circuit, '[i]n order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous.'" *Id.* (quoting *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997)).

Here, several considerations counsel against adopting ABC's statements as a binding admission. First, ABC made these statements before ACIC raised the statute of limitations issue in its summary judgment briefing and thus before the trust's termination date was at issue. In fact, *ACIC*'s Amended Answer indicates that the trust it holds on behalf of ABC has not terminated. *See* Am. Answer ¶ 3; ECF No. 76 ("ACIC admits that the subject trust that *it holds on behalf of Plaintiff is* under the purview of the Ohio Revised Code.") (emphases added). *Cf. MacDonald*, 110 F.3d at 340 ("Because of their binding consequences, judicial admissions generally arise only from deliberate voluntarily waivers that expressly concede . . . an alleged fact.") (citation omitted). Second, although ABC alleged that ACIC did not pay the money owed upon termination of the trust, it refers to this as a violation of Ohio Rev. Code § 3905.91(C).

---

[1] On the same note, ACIC incorrectly presses that the Sixth Circuit previously determined that the trust ended in July 2005. While the Sixth Circuit determined that the Agency Agreement ended in July 2005, it never equated the Agency Agreement with the trust.

(*See, e.g.*, Resp. Mot. Summ. J. at 7-8, 18-19.) That statute does not require the trust to terminate to trigger the return of the BUF account funds. Rather, those funds become due "upon termination of the surety bail bond agent's contract and discharge of liabilities on the bonds for which the build-up funds were posted." Thus, the statements regarding the trust terminating apparently are an imprecise reference to the events prompting ACIC's statutory obligations.[2] Third, neither party explains how Roche—who is not a trustee or otherwise a party to the trust according to bank statements offered by ABC—had authority to terminate the trust. Moreover, the only evidence offered by ACIC to bolster this purported admission is Roche's July 2005 letter to ABC. Thus, the Court does not find ABC's statements to be deliberate, clear, and unambiguous. *See Pucci v. Nineteenth Dist. Court*, No. 12-1038, 2015 WL 619613, at *6 (6th Cir. Feb. 13, 2015) ("If in doubt about the effect of counsel's statement, the court should allow the issue to proceed to the jury.").

ACIC also points to another ABC brief made before the Sixth Circuit's remand and the raising of the statute of limitations defense at the summary judgment stage, asserting that the "entire brief is premised on the fact that [ACIC] 'wrongly' terminated the trust" in the July 2005 letter. (Reply at 4; ECF No. 172.) Not so. Though that brief contains similar comments stating that the trust had ended (*see, e.g.*, Reply at 10-11, 28; ECF No. 135.), it asserts that ACIC breached its fiduciary duties in administering the trust and not returning BUF account funds as required by Ohio Rev. Code § 3905.91. (*See id.* at 11 ("ACIC's refusal to return the balance remaining in the BUF account and its failure to account for remission funds . . . have nothing to do with Roche's or ABC's breaches of Agency Agreement.").)[3]

---

[2] ABC now has new counsel who states that prior counsel's reference to the trust terminating was a "misstatement." (Resp. at 5; ECF No. 167.)
[3] To the extent that ACIC argues that ABC did not bring a breach of trust claim when it alleged that ACIC did not return the BUF account funds within six months of the events laid out in Ohio

7

Last, ACIC quarrels with ABC's contention that ACIC's continuing to make deposits and withdrawals from the BUF account after July 2005 shows that the trust never terminated. According to ACIC, this was necessary to meet its "bail bonding obligations and remission payment obligations." (Reply at 10; ECF No. 172.) The Court offers no opinion on this matter because, for the reasons outlined above, whether and when the trust ended presents a genuine issue of fact sufficient to defeat ACIC's summary judgment argument.

**B. Res Judicata**

ACIC also presses that the prior Florida litigation between ABC and Roche bars ABC's claims here under the doctrine of res judicata.[4]  ACIC asserts that ABC now brings the same claim as it did in Florida when it alleged that Roche "breached the Agency Agreement when it failed to return [ABC's] funds held by plaintiff in build up fund deposits." (Counterclaim ¶ 37; ECF No. 79-5.)  Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based upon the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (internal quotation marks omitted).  For that doctrine to apply, ACIC must show:

---

Rev. Code § 3905.91, the Sixth Circuit, noting that ABC alleged ACIC wrongfully retained approximately $28,000 in the BUF account, held that the plaintiff "alleged a breach of trust." (Opn. & Order at 8; ECF No. 144.)

[4] Relatedly, ACIC asks the Court to strike ABC's Reply in Support of its Motion to Dismiss (ECF No. 135) because ABC addressed ACIC's res judicata arguments in that brief instead of its Response in Opposition to ACIC's Motion for Summary Judgment. (ECF No. 132 at 1 n.2.) According to ACIC, this violated the Court's previous scheduling order and ABC "respond[ed] out of rule." (Reply at 3 n.4; ECF No. 138.) But ACIC was able to respond to ABC's arguments and suffered no discernible prejudice. Therefore, the Court denies ACIC's request to strike the briefing. *See Cummins v. Liberty Life Assur. Co. of Boston*, No. 2:10-CV-00108, 2010 WL 4809269, at *2 (S.D. Ohio Nov. 19, 2010) (noting that "this Court has often declined to strike late or otherwise non-complaint memoranda for various reasons" including where "opposing party suffered no undue prejudice" and "had the opportunity to and did address the arguments raised in the late filing") (internal quotation marks omitted).

(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999) (en banc) (citation omitted).

Because the fourth factor is dispositive here, the Court declines to analyze the first three requirements. An "identity of the causes of action" means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981); *see also Browning v. Levy,* 283 F.3d 761, 773–74 (6th Cir.2002) (finding that an identity of claims is satisfied if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts).

At the outset, the Court notes an obstacle to finding an identity of the causes of action: it is not clear what ABC's first claim against Roche entailed. The Florida Court did not grant summary judgment on the BUF account issue, reasoning that "[t]he facts as to the use of [ABC's] 'Build-Up Funds' are not clear to the Court." (Opn. & Order 22-23; ECF No. 79-4.) The counterclaim does not elaborate on ABC's allegation, and the parties eventually dismissed it with prejudice. (Agreed Order at 3, ¶ 5; ECF No. 33-2.) ACIC does not clarify the specific facts that were alleged against Roche in Florida.[5] Thus, the Court finds summary judgment inappropriate because it remains unclear what the Florida breach of contract claim involved. *See*

---

[5] For its part, ABC characterizes the Florida litigation as involving "Roche's failure to return *deposits* that ABC believed had not yet been credited to the BUF Account. That claim had nothing to do with ACIC's failure to return funds remaining in the BUF Account after the trust was terminated, as required by R.C. [§] 3905.91(A), or ACIC's breach of its fiduciary duties under R.C. § 5808." (Reply at 28; ECF No. 135.)

9

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) ("The party asserting the defense of res judicata bears the burden of proof.").

In any event, ACIC asserts that the same set of facts sustain both the Florida action and the current action. (Reply at 12; ECF No. 138.) The Court disagrees. According to the ABC, ACIC did not return the balance of the BUF account funds within six months of "termination of the surety bail bond agent's contract and discharge of liabilities on the bonds for which the build-up funds were posted." Ohio Rev. Code Ann. § 3905.91. (*See* Am. Compl. ¶¶ 94, 134-135.) The Florida lawsuit did not involve this allegation. And, it does not appear that it could have, as ACIC—not Roche—held these funds in trust according to bank statements submitted by ABC. (*See* ECF No. 11-2; Crain Aff. ¶ 14; ECF No. 135-1.) ABC also sues here because it asserts that after the Agency Agreement terminated, ACIC violated its fiduciary duties by using the BUF account to pay bond forfeitures and then not returning to that account approximately $100,000 in remissions from these payments. (*See* Crain Aff. ¶¶ 21-22; ECF No. 135-1; Request; ECF No. 135-3; Ltr.; ECF No. 135-4.) Again, the lawsuit for *ACIC's* alleged misappropriation of the BUF account funds does not involve the same facts or evidence as *Roche's* alleged breach of the Agency Agreement. Similarly, ABC asserts that other withdrawals were made from its BUF account to make bond payments and that it cannot determine if any remissions from these payments were properly paid back because ACIC has not provided a proper accounting. (Resp. at 10; ECF No. 135.) ACIC's accounting does not show whether Roche breached the Agency Agreement. At bottom, ACIC does not explain how a finding that Roche did not breach the Agency Agreement implicates ABC's claims here that ACIC breached its fiduciary duty by failing to return money to the account and failing to return funds remaining in the account after the Agency Agreement ended. Thus, the Court does not find an identity of the causes of action.

Resisting this conclusion, ACIC points to some evidence that ABC would use to prove its claims against both Roche and ACIC, such as the Agency Agreement that called for the creation of the BUF account. But "some overlap" in underlying facts and evidence does not suffice. *See Hobart Corp. v. Dayton Power & Light Co.*, 997 F. Supp. 2d 835, 849 (S.D. Ohio 2014) (citation omitted); *see also Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 483 (6th Cir. 2014) ("Two suits are for or [are] in respect to the same claim . . . if they are based on substantially the same operative facts.") (citation omitted). The Court finds the claims sufficiently distinct such that res judicata does not apply. *See Wright v. Ocwen Loan Servicing, LLC*, No. 12-14446, 2013 WL 5500067, at *5 (E.D. Mich. Oct. 3, 2013) ("Other than evidence that the same loan is at issue, there does not appear to be any factual connection between the [defendant's loan] letter and the prior mortgage foreclosure that was the source of the prior action."); *see also Signature Mgmt. Team, LLC v. Doe*, No. 13-CV-14005, 2015 WL 1245861, at *6 (E.D. Mich. Mar. 18, 2015) (finding doctrine inapplicable where evidence needed to prove the claims was not the same although underlying facts creating the rights of action were the same).

**C. Reasonable Reliance**

Last, ACIC asserts that it cannot be liable because it reasonably relied on the Agency Agreement when it debited the BUF account. Under Ohio law, "[a] trustee who acts in reasonable reliance on the terms of the trust as expressed in the trust instrument is not liable to a beneficiary for a breach of trust to the extent the breach resulted from the reliance." Ohio Rev. Code § 5810.06. The Agency Agreement provided that the "BUF [account] shall be immediately drawable . . . at the time and in the amount of any losses as defined herein." (Agency Agreement; ECF No. 172-2.) ACIC points to an affidavit that averred "ACIC has never

11

embezzled or misappropriated any moneys belonging to" ABC. (*See* Lanak Aff. ¶¶ 21-22; ECF No. 80-1). The Court finds this affidavit insufficient to grant summary judgment, as it offers no explanation and ACIC offers no support for these conclusory assertions. *See Powell-Pickett v. A.K. Steel Corp.*, 549 F. App'x 347, 354 (6th Cir. 2013) ("In summary judgment proceedings, affidavits containing mere conclusions have no probative value.") (citation omitted); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.") (internal quotation marks omitted).

ACIC also asserts that this Court's prior reading of the Agency Agreement shows that it reasonably believed that it had consent to withdraw funds to cover other liabilities. (Mot. Sum. J. at 5; ECF No. 165.) For purposes of analysis, the Court assumes that the Agency Agreement is "the trust instrument" on which ACIC may reasonably rely under Ohio Rev. Code § 5810.06. (*But see* Resp. Mot. Summ. J. at 25; ECF No. 132 ("The Agency Agreement was not the trust agreement."); *see also* Resp. at 6; ECF No. 167 ("In Fact the trust was not created by Roche Surety, Inc., it was created by ACIC on or about January 24, 2003." (citing Ex. A; ECF No. 167-1.).) While ACIC asserts that it was entitled to debit money from the BUF account, it does not explain what funds it deducted, when they were deducted, and for which liabilities. (*See* Opn. & Order at 3; ECF No. 144). And as the Sixth Circuit found, "at this point in the litigation, it is unclear how ACIC used the funds." (*Id.* at 7; ECF No. 144.) On remand, ACIC has not clarified these issues. (*See* Mot. Sum. J. at 1; ECF No. 165 (maintaining that the reasonable reliance issue was "fully briefed").) Moreover, ABC's version of events—that ACIC attempted to hide remission payments and did not return the balance of the BUF account as required under Ohio

Rev. Code § 3905.91—does not show reasonable reliance on the Agency Agreement. Thus, a genuine dispute exists as to whether ACIC reasonably relied on the terms of the trust.

## IV. CONCLUSION

For the reasons outlined above, the Court **DENIES** ACIC's Motion for Summary Judgment (ECF No. 165) and its renewed arguments from its prior summary judgment motions (ECF Nos. 79 & 80).

**IT IS SO ORDERED.**

4-10-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**